IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ROBERT ORTEGA, Individually and as
Parent and Next Friend of J.D-O, a minor,
R.O., a minor, L.O., a minor, J.O., a minor,
and Y.O., a minor,

JUDITH DURAN-ORTEGA, Individually and
as Parent and Next Friend to J.D-O, a minor,
R.O., a minor, L.O., a minor, J.O., a minor,
And Y.O., a minor,

      Plaintiff,

v.                                                                  NO.  14-CV-00760 KBM-SCY

GARY GOLD, former chief of Police
of the Las Vegas Police Department, a
subsidiary of the City of Las Vegas, Individually,

MACK ALLINGHAM, an Officer with the
Las Vegas Police Department, a subsidiary
Of the city of Las Vegas, Individually,

MARTIN X. SALAZAR, an Officer with the
Las Vegas Police Department, a subsidiary
Of the city of Las Vegas, Individually,

ERIC PADILLA, an Officer with the
Las Vegas Police Department, a subsidiary
Of the city of Las Vegas, Individually,

MELISSA "MISSY" MARTINEZ, a citizen of the
State of New Mexico acting in concert with and
under the direction of Defendant Gary Gold,

EUGENE ROMERO, a citizen of the
State of New Mexico acting in concert with and
under the direction of Defendant Gary Gold,

LUCILLE ROMERO, a citizen of the
State of New Mexico acting in concert with and
under the direction of Defendant Gary Gold,

1

**CITY OF LAS VEGAS, a Municipal**
**Entity Organized Under the Laws of the**
**State of New Mexico, which operates the**
**Las Vegas Police Department,**

       **Defendants.**

### ANSWER TO COMPLAINT FOR VIOLATION OF CIVIL RIGHTS UNDER COLOR OF STATE LAW AND STATE TORT CLAIMS

Defendants Gary Gold, Mack Allingham, Martin X. Salazar, Eric Padilla, and the City of Las Vegas ("City Defendants"), by and through their counsel, Tony F. Ortiz, Attorney at Law, LLC, (Tony F. Ortiz, Esq.), answer the Complaint as follows:

### JURISDICTION AND VENUE

1.    Without sufficient information to admit or deny where all parties reside. Deny that alleged wrongful acts occurred in Bernalillo County.

### PARTIES

2.    Without sufficient information to admit or deny.

3.    Without sufficient information to admit or deny.

4.    Without sufficient information to admit or deny.

5.    Without sufficient information to admit or deny.

6.    Without sufficient information to admit or deny.

7.    Without sufficient information to admit or deny.

8.    Without sufficient information to admit or deny.

9.    Deny that immunity is waived. Without sufficient information to admit or deny what were the "times relevant to this complaint" and thus whether Gold was chief during such times. The remaining allegations are admitted.

10. Without sufficient information to admit or deny what is "at all times material" and therefore denies.

11. Without sufficient information to admit or deny.

12. Without sufficient information to admit or deny what were "all times relevant" and therefore denies any associated allegations. Denied that immunity is waived. Without sufficient information to admit or deny the remaining allegations.

13. Without sufficient information to admit or deny what were "all times material to the complaint" and therefore denies any associated allegations.

14. Without sufficient information to admit or deny.

15. Without sufficient information to admit or deny what were "all times relevant" and therefore denies any associated allegations. Denied that immunity is waived. Without sufficient information to admit or deny the remaining allegations.

16. Without sufficient information to admit or deny what were "all times material to the complaint" and therefore denies any associated allegations.

17. Without sufficient information to admit or deny.

18. Without sufficient information to admit or deny what were "all times relevant" and therefore denies any associated allegations. Denied that immunity is waived. Without sufficient information to admit or deny the remaining allegations.

19. Without sufficient information to admit or deny what were "all times material to the complaint" and therefore denies any associated allegations.

20. Without sufficient information to admit or deny.

21. Without sufficient information to admit or deny status or residence of Martinez. The remaining allegations are denied.

22. Without sufficient information to admit or deny status or residence of Eugene Romero. The remaining allegations are denied.

23. Without sufficient information to admit or deny.

24. Without sufficient information to admit or deny status or residence of Lucille Romero. The remaining allegations are denied.

25. Denied.

## FACTUAL BACKGROUND

26. Admitted.

27. Admitted that there were multiple disciplinary and independent reviews of Plaintiff because of misconduct. Any remaining allegations are denied.

28. Denied.

29. Denied.

30. Denied.

31. Denied.

32. Denied.

33. Without sufficient information to admit or deny.

34. Any implication of impropriety by Gold is denied. As to the remaining allegations, Defendants are without sufficient information to admit or deny.

35. Admitted that an affidavit was completed on or near that date. The remaining allegations are denied.

36. Denied.

37. Admitted.

38. Denied.

4

39. Denied.

40. Denied.

41. Without sufficient information to admit or deny.

42. Denied.

43. Denied.

44. Admitted.

45. Without sufficient information to admit or deny information regarding Clayton.

46. Denied.

47. Admitted that an arrest warrant was issued. The remaining allegations are denied.

48. Without sufficient information to admit or deny who witnessed the arrest. The remaining allegations are denied.

49. Denied

50. Denied

51. Denied

52. Denied

53. Denied

54. Denied

55. Denied

56. Admitted that the Plaintiffs were arrested and jailed. Any allegation of wrongdoing against the defendants is denied. Without sufficient information to admit or deny any remaining allegations.

57. Without sufficient information to admit or deny.

58. Without sufficient information to admit or deny.

59. Denied that any actions were taken regarding Ortega related to his alleged First Amendment rights.  Any other allegations are denied.

## COUNT I:  FIRST AMENDMENT RETALIATION
### (Pursuant to 42 U.S.C. § 1983)

60. This is a statement of law, not fact, and does not require an answer.  To the degree that it incorporates any factual allegation, it is denied.

61. This is a statement of law, not fact, and does not require an answer.  To the degree that it incorporates any factual allegation, it is denied.

62 This is a statement of law, not fact, and does not require an answer.  To the degree that it incorporates any factual allegation, it is denied.

63. Denied.

64. Denied.

65. Denied.

66. Denied.

67. Denied.

68. Denied.

69. Denied.

70. Denied.

71. Denied.

72. This is a statement of law, not fact, and does not require an answer.  To the degree that it incorporates any factual allegation, it is denied.

73. Denied that any retaliation occurred.  Any remaining allegations are denied.

74. Denied.

75. Denied.

### COUNT II: FOURTH AMENDMENT MALICIOUS PROSECUTION
### (Pursuant to 42 U.S.C. § 1983)

76. Any allegation not previously answered is hereby denied.

77. This is a statement of law, not fact, and does not require an answer. To the degree that it incorporates any factual allegation, it is denied.

78. This is a statement of law, not fact, and does not require an answer. To the degree that it incorporates any factual allegation, it is denied.

79. Denied.

80. Denied.

81. Denied.

82. Denied.

83. Without sufficient information to admit or deny.

84. Admitted that plaintiffs were arrested, detained, incarcerated and prosecuted. Any remaining allegations are denied.

85. Denied.

86. Denied.

87. Denied.

### COUNT III: MALICIOUS ABUSE OF PROCESS (LACK OF PROBABLE CAUSE)
### (Pursuant to the New Mexico Tort Claim Act)

88. This is a statement of law, not fact, and does not require an answer. To the degree that it incorporates any factual allegation, it is denied.

89. This is a statement of law, not fact, and does not require an answer. To the degree that it incorporates any factual allegation, it is denied.

90. This is a statement of law, not fact, and does not require an answer. To the degree

that it incorporates any factual allegation, it is denied.

91. This is a statement of law, not fact, and does not require an answer. To the degree that it incorporates any factual allegation, it is denied.

92. This is a statement of law, not fact, and does not require an answer. To the degree that it incorporates any factual allegation, it is denied.

93. Denied.

94. Denied.

95. Without sufficient information to admit or deny.

96. Admitted that plaintiffs were arrested, detained, incarcerated, arraigned. Any other allegations are denied.

97. Denied.

98. This is a statement of law, not fact, and does not require an answer. To the degree that it incorporates any factual allegation, it is denied.

99. This is a statement of law, not fact, and does not require an answer. To the degree that it incorporates any factual allegation, it is denied.

100. Denied that any violations occurred. Any remaining allegations are denied.

101. Denied.

102. This is a statement of law, not fact, and does not require an answer. To the degree that it incorporates any factual allegation, it is denied.

## REQUESTED RELIEF

City Defendants request that Plaintiffs' claims be rejected, that the lawsuit be dismissed, and that the Defendants be granted costs/fees and any other remedies deemed appropriate by the Court.

## AFFIRMATIVE DEFENSES

1. Plaintiffs have failed to state a claim upon which relief may be granted;

2. Plaintiffs' claims are barred by statutory, absolute or qualified immunity;

3. Plaintiffs' claims are barred because he cannot satisfy the requisite elements for a claim under 42 U.S.C. § 1983;

4. Plaintiffs' claims are barred due to the existence of probable cause for arrest;

5. Plaintiffs' claims are barred due to laches, unclean hands, and estoppel;

6. Plaintiffs' claims for punitive damages are barred because if permitted, Plaintiffs' claims for punitive damages would violate City Defendants' fundamental rights pursuant to the Constitution of the State of New Mexico and the Constitution of the United States of America; and,

7. Any claims for tort damages are eliminated or reduced by comparative fault;

8. Plaintiffs have failed meet any of the elements necessary to maintain a claim under the New Mexico Tort Claims Act.

9. Any actions by City Defendants were warranted and justified in light of Plaintiffs' misconduct.

Respectfully submitted,

TONY F. ORTIZ, ATTORNEY AT LAW, LLC

By:   /s/ Tony F. Ortiz
Tony F. Ortiz
2011 Botulph Road, Suite 200
Santa Fe, NM  87505
(505) 986-2900 / (505) 986-2911 (Facsimile)
tony@tonyfortizlaw.com
*Attorney for Defendants*

## **CERTIFICATE OF SERVICE**

    I hereby certify that on this 15th day of September, 2014, the foregoing pleading was filed electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

    Anna C. Martinez – anna@aequitas.pro

    By:   /s/ Tony F. Ortiz_____
               Tony F. Ortiz