IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ROBERT ORTEGA, Individually and as
Parent and Next Friend of J.D-O, a minor,
R.O., a minor, L.O., a minor, J.O., a minor,
and Y.O., a minor,

JUDITH DURAN-ORTEGA, Individually and
as Parent and Next Friend to J.D-O, a minor,
R.O., a minor, L.O., a minor, J.O., a minor,
and Y.O., a minor,

            Plaintiffs,

v.                                              1:14-cv-00760-KBM-SCY

GARY GOLD, former Chief of Police
of the Las Vegas Police Department,
a subsidiary of the City of Las Vegas,
Individually,

MACK ALLINGHAM, an Officer with the
Las Vegas Police Department,
a subsidiary of the City of Las Vegas,
Individually,

MARTIN X. SALAZAR, an Officer with the
Las Vegas Police Department, a subsidiary
of the City of Las Vegas, Individually,

ERIC PADILLA, an Officer with the
Las Vegas Police Department, a subsidiary
of the City of Las Vegas,
Individually,

MELISSA "MISSY" MARTINEZ, a citizen of the
State of New Mexico acting in concert with and
under the direction of Defendant Gary Gold,

EUGENE ROMERO, a citizen of the
State of New Mexico acting in concert with and
under the direction of Defendant Gary Gold,

**LUCILLE ROMERO, a citizen of the
State of New Mexico acting in concert with and
under the direction of Defendant Gary Gold,**

**CITY OF LAS VEGAS, a Municipal
Entity Organized Under the Laws of the
State of New Mexico, which operates the
Las Vegas Police Department,**

   **Defendants.**

## PLAINTIFFS' MOTION TO REMAND

Plaintiffs, Robert Ortega, Individually and as Parent and Next Friend of J.D-O, a minor, R.O., a minor, L.O., a minor, J.O., a minor, and Y.O., a minor, and Judith Duran-Ortega, Individually and as Parent and Next Friend to J.D-O, a minor, R.O., a minor, L.O., a minor, J.O., a minor, and Y.O., a minor, through counsel, AEQUITAS LAW, LLC, Anna C. Martinez, hereby move the Court to remand the above captioned case to the Fourth Judicial District Court, in which the instant action was filed. As grounds in support thereof, Plaintiffs state:

**I. Burden of Proof Rests upon Party Requesting Removal**

Generally, "[r]emoval statutes are to be strictly construed and all doubts are to be resolved against removal." *Fajen v. Foundation Reserve Ins. Co., Inc.*, 683 F.2d 331, 333 (10th Cir. 1982)(internal citations omitted).

**II.  The Notice of Removal is Untimely**

The right to removal is dependent, in part, on the filing of a timely notice of removal as required under 28 U.S.C. §1446(b). The requirement of a timely notice of removal is both mandatory and strictly construed. *McCain v. Cahoj*, 794 F.Supp. 1061, 1062 (D. Kan. 1992). Defendants claim that their Notice of Removal was timely filed pursuant to an extension granted them by undersigned counsel. *Notice* at ¶10. This claim is factually untrue. The extension that

undersigned counsel agreed to expired on August 15, 2014. The Notice of Removal was not timely.

Following the enactment of the Federal Courts Jurisdiction and Venue Clarification Act of 2011, Pub. L. No. 112-63, 125 Stat. 758 (codified in scattered sections of 28 U.S.C.) (hereinafter referred to as the "2011 Amendments"), Congress clarified that the timeframe in which a Defendant may seek removal was defined by the "last Defendant served" rule." Following the last Defendant's date of service the thirty (30) day deadline begins to run. While it is true that counsel for Plaintiffs granted an extension of time in which Defendants could Answer the Complaint, that extension expired on August 15th—not August 22nd. Defendants' claim that the extension ran until August 22nd is factually incorrect and the requested removal should be denied as untimely. The removing parties bears the burden of proving "all jurisdictional facts and of establishing a right to removal [including proving that the request to remove as timely filed]." *Chavez v. Kincaid*, 15 F.Supp.2d 1118, 1119 (D.N.M. 1998)(internal citations omitted). Defendants cannot carry the burden of demonstrating that the extension granted them included all of the time until their Notice was filed because the extension granted them expired long before Defendants sought to remove this matter. As the removal request was untimely, the Court should deny it.

**II. Remand is also Necessary because the Removal Sought Violates the Rule of unanimity**

The Notice of Removal is also procedurally defective because it violates the "Rule of unanimity." The Rule of unanimity mandates that each properly served Defendant must join in a petition for removal within the thrity (30) day window afforded by §1446(b). As admitted in the opening paragraph of the Notice of Removal, removal was sought by Defendants Gary Gold, Mack Allingham, Martin X. Salazar, Eric Padilla, and the City of Las Vegas, but counsel for

Defendants Gary Gold, Mack Allingham, Martin X. Salazar, Eric Padilla, and the City of Las Vegas does not represent Defendant Lucille Romero.

The list of Defendants who concur in the requested removal does not include Defendant Lucille Romero. It only includes statements about the filing-parties' position on the removal. Defendant Lucille Romero was served on June 27, 2014. *Exhibit A: Court-endorsed Return of Service, filed in case no. D-412-CV-2012-00252 (served on June 27, 2014 by San Miguel County Sheriff's Deputy Joseph Vigil).* This Return was available to counsel for Defendants Gary Gold, Mack Allingham, Martin X. Salazar, Eric Padilla, and the City of Las Vegas through the New Mexico Court's "online public access" site (http://opa.nmcourts.gov) and the entry of the Return of Service on the Summons and Complaint served to Defendant Lucille Romero also appears on the New Mexico Court's general case look-up site (http://www.nmcourts.gov).

Defendants Gary Gold, Mack Allingham, Martin X. Salazar, Eric Padilla, and the City of Las Vegas did not file their Notice of Removal until August 22nd—almost 2 months after Defendant Lucille Romero had been served. Any measure of diligence in researching which Defendants had been served would have forced counsel for Defendants Gary Gold, Mack Allingham, Martin X. Salazar, Eric Padilla, and the City of Las Vegas to recognize that Defendant Lucille Romero had already been served and that, consequently, the Rule of unanimity required Defendants to state Ms. Romero's concurrence in the removal sought. *Cornwall v. Robinson*, 654 F.2d 685, 686 (10th Cir. 1981) (recognizing that all served defendants must consent to removal). In this case, Defendant Lucille Romero's consent to removal is not even alleged in the Notice filed by Defendants Gary Gold, Mack Allingham, Martin X. Salazar, Eric Padilla, and the City of Las Vegas. Thus, as it stands at present, Defendants seeking removal

are short one critical, required piece needed to remove the action from state court: the consent of the other, served Defendant.

The timeframe, even if the timeliness argument presented in the Notice of Removal was true, has expired and the failure to include Defendant Lucille Romero's concurrence in the removal cannot be corrected by amendment. *Washington v. Harris*, No. 11-2188-JAR, 2011 WL 2174942, *2 (D.Kan June 3, 2011) (absence of unanimous consent is not a minor defect that may be corrected by amendment). "[T]he rule of unanimity requires that all defendants 'join in the notice of removal or give their consent *within the thirty day period* for the removal to be proper.'" *Cacoilo v. Sherwiin-Williams Co.*, 902 F.Supp.2d 511 (2012), 2012 WL 6410592 (D.N.J. 2012)(*quoting and adding emphasis to Pinnacle Choice, Inc. v. Silverstein*, No. 07–5857, 2008 WL 2003759, at *3 (D.N.J. May 6, 2008)).

## IV. Conclusion

Defendants Gary Gold, Mack Allingham, Martin X. Salazar, Eric Padilla, and the City of Las Vegas sought removal outside of the time permitted for them to do so and they did not comply with the Rule of unanimity in removing this case. The Court should not reward these Defendants' failure to comply with the straightforward rules placed upon parties seeking removal. Based upon the named Defendants' failure to properly seek removal, the instant matter belongs in the forum in which it was filed. For the reasons explained herein, the Court should remand the matter to Fourth Judicial District Court.

                                                Respectfully Submitted,

                                                **AEQUITAS LAW, LLC**
By:    /s/ Anna C. Martinez
            Attorney for Plaintiffs
            P.O. Box 25304
            Albuquerque, NM 87125
            (505) 750-8005 Office
            anna@aequitas.pro

I hereby certify that a true and correct copy of the foregoing was submitted to the Court's CM/ECF electronic filing and document delivery system on September 22, 2014 and that a copy was delivered through CM/ECF to all counsel of record herein.

By:    /s/ Anna C. Martinez

6