IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**ROBERT ORTEGA, Individually and as
Parent and Next Friend of J.D-O, a minor,
R.O., a minor, L.O., a minor, J.O., a minor,
and Y.O., a minor,**

**JUDITH DURAN-ORTEGA, Individually and
as Parent and Next Friend to J.D-O, a minor,
R.O., a minor, L.O., a minor, J.O., a minor,
And Y.O., a minor,**

    Plaintiff,

v.                                                                                              NO. 14-CV-00760 KBM-SCY

**GARY GOLD, former chief of Police
of the Las Vegas Police Department, a
subsidiary of the City of Las Vegas, Individually,**

**MACK ALLINGHAM, an Officer with the
Las Vegas Police Department, a subsidiary
Of the city of Las Vegas, Individually,**

**MARTIN X. SALAZAR, an Officer with the
Las Vegas Police Department, a subsidiary
Of the city of Las Vegas, Individually,**

**ERIC PADILLA, an Officer with the
Las Vegas Police Department, a subsidiary
Of the city of Las Vegas, Individually,**

**MELISSA "MISSY" MARTINEZ, a citizen of the
State of New Mexico acting in concert with and
under the direction of Defendant Gary Gold,**

**EUGENE ROMERO, a citizen of the
State of New Mexico acting in concert with and

**under the direction of Defendant Gary Gold,**

**LUCILLE ROMERO, a citizen of the
State of New Mexico acting in concert with and
under the direction of Defendant Gary Gold,**

**CITY OF LAS VEGAS, a Municipal
Entity Organized Under the Laws of the
State of New Mexico, which operates the
Las Vegas Police Department,**

      **Defendants.**

### CITY OF LAS VEGAS DEFENDANTS' RESPONSE OPPOSING
### THE MOTION TO REMAND

Defendants Gary Gold, Mack Allingham, Martin X. Salazar, Eric Padilla, and the City of Las Vegas ("City Defendants"), by and through their counsel, Tony F. Ortiz, Attorney at Law, LLC, (Tony F. Ortiz, Esq.), oppose the Motion to Remand and submit the following in opposition to the Motion.

    I.    <u>The Tenth Circuit clearly permits reasonable leave to correct minor jurisdictional flaws and rejects remand where the alleged deficiencies are easily correctable.</u>

Defendants may remove a civil action to federal court where the district court would have original jurisdiction over the case. *Huffman v. Saul Holdings Ltd. P'ship*, 194 F.3d at 1076 (quoting *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68, 117 S.Ct. 467, 136 L.Ed.2d 437 (1996)). "Strict construction and resolving doubts against removal does not mean the courts should be hostile to the Congressionally created right to removal, creating procedural hurdles that Congress did not create and that provide pitfalls for all but the most experienced federal court litigants." *May v.*

*Cibola County,* 945 F.Supp.2d 1277, 1296 (D.N.M. 2013) (Browning); *see also, Tresco, Inc. v. Cont'l Cas. Co.,* 727 F.Supp.2d 1243, 1255 (D.N.M. 2010)(Browning).

The Tenth Circuit has reasoned that disallowing amendments to the notice of removal, even after the thirty-day removal window has expired, when the defendant made simple errors in its jurisdictional allegations, "would be too grudging with reference to the controlling statute, too prone to equate imperfect allegations of jurisdiction with the total absence of jurisdictional foundations, and would tend unduly to exalt form over substance and legal flaw-picking over the orderly disposition of cases properly committed to federal courts." *May,* 945 F.Supp.2d. at 1293, *citing Hendrix v. New Amsterdam* Cas. Co., 390 F.2d 299, 301 (10th Cir.1968). Furthermore, the Tenth Circuit has held that "a defect in removal procedure, standing alone, is not sufficient to warrant vacating judgment and remand to state court if subject matter jurisdiction exist[s] in the federal court." *Browning v. Am. Family Mut. Ins. Co.,* 396 Fed.Appx. 496, 505–06 (10th Cir.2010)(unpublished).

In addition, "[A]mendment may be permitted after the 30–day period if the amendment corrects defective allegations of jurisdiction, but not to add a new basis for removal jurisdiction." 16 James W. Moore, Moore's Federal Practice § 107.30[2][a][iv], at 107–184 (3d ed. 2012). The Tenth Circuit has reasoned that disallowing amendments to the notice of removal, even after the thirty-day removal window had expired, when the defendant made simple errors in its jurisdictional allegations is not warranted. For example, in *McEntire v. Kmart Corp.,* No. CIV 09–0567 JB/LAM, 2010 WL 553443 (D.N.M. Feb. 9, 2010)(Browning, J.), when faced with insufficient allegations in the notice of removal—allegations of "residence" not "citizenship"— the Court granted the defendants leave to amend their notice of removal to cure the errors in some

3

of the "formalistic technical requirements." 2010 WL 553443, at *8 (citing *Hendrix v. New Amsterdam Cas. Co.*, 390 F.2d 299, 300–02 (10th Cir.1968)).

    II.    <u>The City Defendants should be permitted leave to correct any alleged defective allegations of jurisdiction.</u>

There is no question that Plaintiff has asserted a federal question, explicitly invoking 42 USC 1983 and the United States Constitution. Hence, a basis exists for invocation of federal jurisdiction and removal in this case. However, Plaintiff seizes upon the City Defendants' alleged defective invocation of jurisdictional allegations to seek remand. The Court should reject such an excessive remedy in this instance, particularly where any alleged defect might be corrected with additional leave of the Court.

Specifically, Plaintiff complains that there is no allegation of unanimity in this matter. However, in this case, the Court will notice that three of the defendants in this matter are not represented by counsel (no entry of appearance by counsel for Defendants Melissa Martinez, Eugene Romero, or Lucille Romero).[1] With regard to Defendant Eugene Romero, City Defendants were able to make contact after the removal was filed, and therefore, his approval can be sought and submitted to correct any alleged deficiencies. However, despite reasonable diligence, City Defendants have not been able to find Ms. Lucille Romero. Multiple phone calls and inquiries have not netted any response. However, given leave of the Court, City Defendants might engage other location services to procure a consent from Ms. Romero.

It would be fundamentally unfair and would "exalt form over substance" to remand a lawsuit with clear federal question jurisdiction where the inability to procure consent was delayed and rendered unobtainable by the pro se status of remaining defendants. To that end, while the

---

[1] Ms. Martinez has not been served and therefore is not subject to the unanimity issue.

4

City Defendants agree that the removal notice does not clearly invoke consent by Ms. Romero, that technical jurisdictional flaw is readily correctable with leave from the Court.

In a similar vein, Plaintiff disputes the extension that was provided to the City Defendants for purposes of filing a removal notice. While City Defendants maintain that an extension was granted and thus that the removal was timely, that issue really is inapposite under the relevant standards. The Tenth Circuit has clearly provided that a court can permit leave to correct technical deficiencies in a removal notice. *Browning v. Am. Family Mut. Ins. Co*., 396 Fed.Appx. 496, 505–06 (10th Cir.2010)(unpublished). That position is similarly reflected in *Moore's Federal Practice*, as long as the removing party is not seeking to add other bases for removal. 16 James W. Moore, Moore's Federal Practice § 107.30[2][a][iv], at 107–184 (3d ed. 2012). In this case, City Defendants do not seek to alter the bases for removal, but instead, they seek leave to correct any failure to assert consent by listed pro se defendants.

Alternatively, if the Court determines that the removal was untimely and that the matter is to be remanded, the Court should do so with instructions requiring Plaintiff to obtain new summonses and to reissue service of process in this matter. Specifically, Rule 1-004(F) NMRA 2014 requires reasonable diligence in the service of process. In this case, Plaintiff's initial lawsuit, which was filed in 2012, was dismissed without prejudice for lack of prosecution. Ultimately, it was reinstated in 2014. However, when the matter was reinstated, Plaintiff did not obtain new summonses, but instead served Defendants with the summonses from 2012, from before dismissal of the lawsuit. Under any viable measure of reasonable diligence, the 2012 summonses were not timely served. Moreover, when the lawsuit was dismissed, those summonses were invalidated by dismissal of the claim and needed to be reissued. Thus, even if the matter is remanded back to state court, any such remand would need to recognize the invalidity of the summonses and require

their reissuance. Under such circumstances, the matter ultimately would end up being removed again. For that reason, City Defendants urge that this Court instead permit leave to correct the removal deficiencies and to proceed immediately in federal court. However, if the matter is remanded, it should be with clear instructions to require reissuance of the summonses and service on all parties.

For all of the reasons stated herein, City Defendants request that the Motion for Remand be denied, that City Defendants be provided with leave to correct any alleged deficiencies, and that the Court provide any other remedies to the City Defendants that the Court deems just and proper. Alternatively, if the matter is to be remanded, the Court should remand with instructions requiring reissuance and service of the summonses.

                                      Respectfully submitted,

                                      TONY F. ORTIZ, ATTORNEY AT LAW, LLC

                 By:    /s/ Tony F. Ortiz
                          Tony F. Ortiz
                          2011 Botulph Rd., Suite 200
                          Santa Fe, NM  87505
                          (505) 986-2900 / (505) 986-2911 (Fax)
                          tony@tonyortizlaw.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 6th day of October, 2014, the foregoing pleading was filed electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

    Anna C. Martinez – anna@aequitas.pro

                                By:    /s/  Tony F. Ortiz
                                        Tony F. Ortiz