# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

ROBERT ORTEGA, Individually and as
Parent and Next Friend of J.D-O, a minor,
R.O., a minor, L.O., a minor, J.O., a minor,
and Y.O., a minor,

JUDITH DURAN-ORTEGA, Individually and
as Parent and Next Friend to J.D-O, a minor,
R.O., a minor, L.O., a minor, J.O., a minor,
and Y.O., a minor,

                Plaintiffs,

v.                                          1:14-cv-00760-KG-SCY

GARY GOLD, former Chief of Police
of the Las Vegas Police Department,
a subsidiary of the City of Las Vegas,
Individually,

MACK ALLINGHAM, an Officer with the
Las Vegas Police Department,
a subsidiary of the City of Las Vegas,
Individually,

MARTIN X. SALAZAR, an Officer with the
Las Vegas Police Department, a subsidiary
of the City of Las Vegas, Individually,

ERIC PADILLA, an Officer with the
Las Vegas Police Department, a subsidiary
of the City of Las Vegas, Individually,

MELISSA "MISSY" MARTINEZ, a citizen of the
State of New Mexico acting in concert with and
under the direction of Defendant Gary Gold,

EUGENE ROMERO, a citizen of the
State of New Mexico acting in concert with and
under the direction of Defendant Gary Gold,

LUCILLE ROMERO, a citizen of the
State of New Mexico acting in concert with and
under the direction of Defendant Gary Gold,

**CITY OF LAS VEGAS, a Municipal
Entity Organized Under the Laws of the
State of New Mexico, which operates the
Las Vegas Police Department,**

                      **Defendants.**

### PLAINTIFFS' REPLY IN SUPPORT OF THEIR MOTION TO REMAND

Plaintiffs, through counsel, AEQUITAS LAW, LLC, Anna C. Martinez, hereby propound their Reply in support of their Motion to Remand (Docket No. 6, filed on September 22, 2014) and in opposition to Defendants' Response (Docket No. 8, filed on October 6, 2014). In support of their Motion and in opposition to Defendants' Response, Plaintiffs state:

**I. Under the 2011 Amendments to § 1446(b), the "Rule of Unanimity" Applies to All Cases with Multiple Defendants – All Properly Joined and Served Defendants Must Consent to Removal. Defendants' Removal is Not Unanimous and Remand is Appropriate.**

In 2011, Congress enacted the Federal Courts Jurisdiction And Venue Clarification Act, which made several changes to statutes governing jurisdiction, venue and removal. The 2011 Amendments modified many aspects of removal. Relevant to this case, the Act changed § 1446(b) by explicitly codifying the common law "Rule of Unanimity" for cases that involve multiple defendants. This rule, which was also well-established prior to its codification, requires that ***all*** defendants who have been properly joined and served must consent to the removal. *Id.* Prior to the 2011 Amendments, most courts interpreted the removal statutes as requiring that all defendants join in or consent to the removal petition. *See, e.g., Fletcher v. Hamlet*, 116 U.S. 408, 410 (1886) ("There can be no removal by the defendants unless they all join ... ."); 16 James Wm. Moore, Moore's Federal Practice § 107.11[1][c], at 107-39 to 107-40 (3d ed. 2011)(discussing the rule of

2

unanimity); 14C Charles Alan Wright et al., Federal Practice and Procedure, § 3730, at 440-78 (2009 & Supp. 2011)(same). Following the 2011 Amendments, the requirement of unanimity is now uniform. In this case, not all of the Defendants served have consented to removal and Defendants have therefore failed to comply with § 1446(b). In the absence of consent by *all* Defendants properly joined and duly served, this matter cannot be removed.

**II. Defendants' Failure was Not a "Technical Deficiency—It is a Lack of Consent by a Named Defendant.**

In characterizing their failure to comply with one of the most straightforward limitations of removal: that consent of all Defendants served at the time or Removal must be secured in order to allow removal, Defendants' argue that they should be allowed to "amend" their deficient pleading and proceed in this Court. Contrary to their argument, however, Defendants cannot remedy the failure by re-pleading or otherwise correcting their Notice. The failure is not a "technical deficiency." Instead, the bar to removal in this case is absolute: one Defendant, who had already been served, did not agree to removal. Defendants cannot "amend" to create an agreement to remove this case—in the past—where such an agreement did not exist.

**III. Defendants' Response Does Not Dispute that the Notice of Removal was Not Timely. Defendants' Claim that "Reasonable Leave" Should be Granted Ignores their Failure to Timely File their Notice. Defendants Cannot Comply with Expired Deadlines through "Leave" to Remedy a Timeliness Failure. Furthermore, Defendants' Response is Completely Silent on what Steps, if any, Defendants have taken to Persuade the Absent, Properly Joined and Duly Served Defendant to Consent to the Requested Removal.**

There is no clear "remedy" to a lack of unanimous consent amongst served Defendants in a removal. However, to the extent that there was a remedy and to the extent that Defendants' Response is really a Motion to Extend the Deadline for Removal, Defendants' request that they be all allowed additional time to cure their deficiency in lack of unanimity, should be weighed against the fact that a) Defendants did not file their Notice of Removal within the time allotted and b) Defendants provided no explanation to justify the untimeliness of the Notice in their Response. Both of these factors should outweigh any request for lenience as to the untimely filing of the Notice.

Additionally, even in the absence of timeliness considerations, Defendants do not provide the Court with any reason to believe that the additional Defendant will change her mind and join in these Defendants' request to remove. It should be noted that Defendants have now had more than a month to secure the agreement of the additional Defendant: Plaintiff's Motion to Remand was filed on September 22nd. (Docket No. 6). If these Defendants had been able to secure the cooperation of the other Defendant in that time, they would have surely notified the Court that the agreement was in place. Beyond a bland request that the Court grant Defendants more time, the Response filed herein does not make any mention of why Defendants believe they will succeed in securing the other Defendant's agreement to remove.

Consequently, even if the Court were inclined to overlook Defendants' failure to timely file the Notice of Removal and the requirement that removal occur within thirty (30) days, the fact remains that one Defendant does not agree to the removal sought and there is no reason to believe

that the remaining Defendant will join in the request to remove in the foreseeable future. The refusal by that Defendant to join into Defendants' removal request is fatal to that request.

**III. Defendants' Request for a Ruling on the Issuance, or Re-issuance, of Summonses Ignores the Fact that Plaintiffs have Sought Remand and Absent Removal Jurisdiction, Additional Requests are not Properly before this Court. If Plaintiffs' Motion is Denied, then this Court has Jurisdiction to Hear All Matters Related to Plaintiffs' Claims. If Plaintiffs' Motion is Granted, then Defendants have Failed to Establish Jurisdiction and All Matters Related to this Litigation Must be Decided by the State Trial Court.**

After criticizing Plaintiffs Motion to Remand as the elevation of form over substance, Defendants then paradoxically request that the Court order Plaintiffs to secure re-issued summonses and then re-serve process on Defendants—despite the fact that Defendants admit, in their Notice of Removal, that they have already been duly served with the Complaint. However, Plaintiffs' Motion is neither hypertechnical nor does it elevate form over substance.

Instead, Plaintiffs' Motion specifically alleges two serious failures of substance based upon Defendants' failure to follow the very clear procedure set out in § 1446(b). First, the Motion is based upon Defendant's failure to timely file the Notice or Removal. Second, it is based upon Defendants' undisputed failure to secure the agreement of all properly joined and duly served Defendants a) when they sought removal and b) continuing at the present. Plaintiffs' Motion *is not* for example, based on Defendants' failure to *note* the agreement of a Defendant who had, in fact, agreed to the removal—it is based upon Defendants' failure to *secure* the consent of the other Defendant. A simple failure to state that consent had been granted would likely justify the lenience that Defendants seek. In this case, though, the so-called "technical" deficiency that Defendants do not dispute to is that they **do not have the agreement of** a named- and duly-served Defendant. Consequently, Defendants are not entitled to removal. The other served Defendant clearly does not agree to the City Defendants' request and this case should be remanded to the Fourth Judicial District Court.

5

Plaintiffs' Motion is not lacking in substance. On the other hand, requesting that the Court order Plaintiff to seek the re-issuance of summonses and re-serve Defendants, is itself be the epitome of the elevation of form over substance—even if there were a legal basis for making this request.[1] Defendants' request is not just pointless, it also wholly ignores the nature of Plaintiffs' Motion. If the Court holds that Defendants removal was proper, then Defendants will be free to make their request that the Court compel Plaintiffs to re-serve the Complaint via proper Motion. If, on the other hand, the Court determines that Defendants have failed to properly remove this case, either by failing to timely file their Notice of Removal or by failing to comply with 1446(b)'s "Rule of Unanimity" requirement, then Defendants have necessarily failed to establish subject matter (removal) jurisdiction over the case in this Court. In that instance, the Court should defer ruling on any requests made by Defendants to the State Trial Court following remand. Defendants' request that the Court make a ruling affecting this case, even if it is remanding the case, is inappropriate and should be denied.

**IV. Conclusion.**

Defendants should not be permitted ignore the terms of the statute under which they seek to invoke this Court's jurisdiction. They should not be permitted to blithely ignore the deadline for filing—or to claim that their Notice was timely when it was not. They should not permitted to seek removal in the face of their violation of § 1446(b)'s "Rule of Unanimity" requirement when they admit that not every properly joined and duly served Defendant has agreed with the request to remove. Absent unanimous consent by all Defendants served when removal was sought and given

---

[1] Although it is outside the purview of a Motion to Remand, Plaintiffs further note that on May 19, 2014, the Fourth Judicial District Court ordered Plaintiffs to serve the summonses previously issued on Defendants and Plaintiffs served those summonses as Ordered. The State Trial Court does not appear to have believed that re-issuance of summonses was necessary. As previously addressed, if Defendants wish to revisit that Order they are free to do so once this matter is properly before a tribunal: either the State Trial Court following remand or this Court following denial of Plaintiffs' Motion to Remand.

the untimely nature of Defendants' filing, Plaintiffs' request for remand is appropriate and should be granted. This matter should be remanded to the Fourth Judicial District Court, in which it was filed.

                Respectfully Submitted,

                **AEQUITAS LAW, LLC**
By:   /s/ Anna C. Martinez
        Attorney for Plaintiffs
        P.O. Box 25304
        Albuquerque, NM 87125
        (505) 750-8005 Office
        anna@aequitas.pro

I hereby certify that a true and correct copy of the foregoing was submitted to the Court's CM/ECF electronic filing and document delivery system on October 29, 2014 and that a copy was delivered through CM/ECF to all counsel of record herein.

By: /s/ Anna C. Martinez